In the Matter of the Claim of BERNARD M. GAWRYS, Respondent, against BUFFALO BOLT COMPANY, Appellant, and AMERICAN MOTORISTS INSURANCE COMPANY, Respondent. WORKMEN'S COMPENSATION BOARD, Respondent.

Argued January 17, 1951; decided April 12, 1951.

*Edward L. Robinson, William M. Fay* and *Solon J. Stone* for appellant. I. Rule 922 of the Rules of the Board of Standards and Appeals, enacted pursuant to subdivision 11 of section 146 of the Labor Law, does not require that a gimlet pointer machine, such as the one at which claimant was working when he was injured, be guarded even at its point of operation. · The guarding of the gears in which claimant caught his hand is specifically covered by another Industrial Code rule. That rule (rule 868) was complied with by appellant but even if it had not been, even if appellant had violated the rule, it, nevertheless, would not have been required to pay double compensation under section 14-a of the Workmen's Compensation Law, as rule 868 does not prohibit the employment of minors on machines failing to comply with the terms thereof. (*Matter of Hall* v. *Chatham Elec. Light, Heat & Power Co.,* 220 App. Div. 18, 246 N. Y. 544; *Matter of Sacripante* v. *United Metal Spinning Co.,* 299 N. Y. 419; *Matter of Tesar* v. *National Ventilating Co.,* 227 App. Div. 333.) II. Even if the gimlet pointer machine had been listed in the rules as requiring a guard at its point of operation, the gears in which claimant caught his hand, not being located at the point of operation, required no guard under the terms of rule 922. (*Hunter* v. *New York, O. & W. Ry. Co.,* 116 N. Y. 615; *Laidlaw* v. *Sage,* 158 N. Y. 73.) III. Even if the machine had been one which under the rules required guarding at its point of operation and even if the gears were the point of operation of the machine, appellant nevertheless should not be penalized under the provisions of section 14-a of the Workmen's Compensation Law, since the guard provided by appellant for the gears had been inspected and approved by the State factory inspectors pursuant to statutory requirement and was in all respects proper. (*Matter of Marcellus,* 165 N. Y. 70; *Hunter* v. *New York, O. & W. Ry. Co.,* 116 N. Y. 615; *Michalski* v. *American Mach. & Foundry Co.,* 225 N. Y. 294; *Pyne* v. *Cazenovia Canning Co.,* 220 N. Y. 126; *Getty* v. *Town of Hamlin,* 127 N. Y. 636.) IV. Even if it had been shown, and the Workmen's Compensation Board had found, that appellant violated another rule or another section of the Labor Law, this would not subject appellant to the penalty of double compensation under section 14-a of the Workmen's Compensation Law. (*Matter of Hall* v. *Chatham Elec. Light, Heat & Power Co.,* 220 App. Div. 18, 246

N. Y. 544; *Matter of Sacripante* v. *United Metal Spinning Co.*, 299 N. Y. 419.) V. That part of the award which requires appellant to pay double compensation should be reversed. (Penal Law, § 1275; *People ex rel. Price* v. *Sheffield Farms-Slawson-Decker Co.*, 225 N. Y. 25.)

*Nathaniel L. Goldstein, Attorney-General (Gilbert M. Landy, Wendell P. Brown* and *Roy Wiedersum* of counsel), for Workmen's Compensation Board, respondent. I. Claimant was employed in violation of the provisions of the Labor Law and of the Rules of the Board of Standards and Appeals. The gimlet pointer machine upon which claimant was injured was required to be guarded at its point of operation by the provisions of rules 922, 877 and 878 of the Industrial Code Rules. (*Matter of Mayo* v. *Special Mach. Tool Eng. Works,* 256 App. Div. 863; *Matter of Podola* v. *Crescent Box Mfg. Co.,* 256 App. Div. 1016; *Matter of Hall* v. *Chatham Elec. Light, Heat & Power Co.,* 246 N. Y. 544; *Matter of Tesar* v. *National Ventilating Co.,* 227 App. Div. 333.) II. The gears on the gimlet pointer machine at which claimant was injured were a point of operation. (*Matter of Altschuller* v. *Bressler,* 289 N. Y. 463; *Matter of Daus* v. *Gunderman & Sons, Inc.,* 283 N. Y. 459.) III. The machine on which claimant was injured was improperly guarded.

FULD, J. Acknowledging that its employee was entitled to regular compensation, the employer in this workmen's compensation case questions only its liability to an award for double compensation.

Claimant was employed as a " feeder " on a gimlet pointer machine in a factory at North Tonawanda, New York. He stood in front of, and on the right of, the machine feeding blank bolts into it at a point on its top which was directly in front of him and, after the machine had put points upon them, the bolts dropped out at the back into a box. On the base of the machine and to the operator's left are the buttons used to start and stop it. Further to the left, at the top of the machine and more than eighteen inches from the point where the bolts are inserted, are large gears which transmit power to this gimlet pointer. A metal guard covered these driving gears, but the guard was " in a loose condition."

Just before the accident occurred, claimant was sitting on a stool in front of the machine; the stool itself rested on a small platform. Because one of the bolts was too large, it jammed in the machine. This jamming, there was evidence to show, caused the loosened guard which covered the gears to fall from its position — leaving those gears exposed. As the guard flew to one side, claimant slipped; in attempting to shut off the machine's power, his hand came into contact with the gears and, as a consequence, three fingers had to be amputated.

The Workmen's Compensation Board, concluding that the employer had permitted claimant to work in violation of provisions of the Labor Law and of the Rules of the Board of Standards and Appeals, ordered the employer to pay compensation, pursuant to section 14-a of the Workmen's Compensation Law, "double the amount otherwise payable". The Appellate Division affirmed, and this court granted leave to appeal from so much of the order as relates to the award of double compensation.

Section 14-a of the Workmen's Compensation Law provides "Double compensation" for minors "suffered to work in violation of any provision of the labor law or in violation of any rule * * * adopted by the board of standards and appeals pursuant to subdivision eleven of section one hundred and forty-six of said law", and that latter provision authorizes the board to "adopt rules prohibiting or regulating the employment of * * * minors" after determining that a "process" or "method" of manufacture is "dangerous or injurious to the health of minors under eighteen years". Pursuant to such authorization, the Board of Standards and Appeals adopted Rule 922 which (1) required "*the point of operation*" of certain "dangerous machinery" to be equipped with guards and (2) prohibited the employment of minors between the ages of sixteen and eighteen unless guards were used.

That this rule, covering the guarding of a machine's "point of operation", was not designed to cover guards on the driving gears in which claimant caught his hand, is made plain in the preceding rules. Thus, Rule 876 defines a "Point of operation" as a part of the machine "*where stock is actually inserted and maintained*" during any necessary operation, and "Danger zone" as a place "at the point of operation, where the oper-

ator may be caught between the moving parts of the machine or between moving and stationary parts of machine, or between the material and the moving part or parts of the machine.'' And Rule 877 provides that machines actually listed or machines '' similar '' in character '' in which the operator's hands come within the danger zone shall be guarded at the point of operation '' in the manner specified.

As defined by Rule 876, the '' point of operation '' on the machine at which claimant was working — the place where the '' stock is actually inserted '' — was the place where the bolts were inserted. This was on the right side at the top of the machine, while the power gears in which claimant's hand was caught were on the left side of the machine and at least eighteen inches away from the '' point of operation ''. We cannot see how the failure of the employer to guard driving gears at the extreme left of the machine can be a violation of rules designed for the guarding of a point of operation located at the right end. The use of the phrase '' danger zone '' does not extend the area defined by '' point of operation '', for such '' danger zone '', as is apparent from Rule 876 itself, lies within the '' point of operation '' and thereby restricts its area.

The Workmen's Compensation Law should, of course, be liberally construed to carry out its beneficent purpose, but the courts may not invoke that principle to justify giving to a provision of the statute or a related rule — particularly one punitive in character — a construction at odds with its plain and evident meaning. To read the rule here involved as requiring guards for gears, remote from the machine's point of operation, not only extends the language beyond permissible limits, but visits upon the employer a totally unwarranted penalty.

The order of the Appellate Division should be modified by reversing so much thereof as affirms the award requiring the employer to pay double compensation, and, as so modified, affirmed, without costs.

DYE, J. (dissenting). It may not be said as a matter of law that the affirmed finding of fact that the gears in which the infant claimant lost his fingers were not a '' point of operation '' which was improperly guarded; that he was not employed in violation of subdivision 11 of section 146 of the

Labor Law, and not entitled to double compensation benefits. The gimlet machine here involved is covered by the regulations (Rule 877) by which minors are forbidden to operate under penalty of double compensation for injuries unless guarded " at the point of operation " (Rule 922).

The " point of operation " (Rule 876, subd. 1) and " danger zone " (Rule 876, subd. 2), as we read the rule, need not be limited to the small hole where stock is actually inserted for shaping and forming or other necessary operation or where the operator may be caught between the material and the moving or stationary parts of the machine but extends to and includes the starting and stopping of such machine. Here it is an undisputed fact that the open and unguarded power gears were within eighteen inches of the slot — well within the orbit of the operator's hands and thus within the danger zone at the point of operation. He lost his fingers while attempting to shut off the power which act, it seems clear and indisputable, was an " other necessary operation " sufficiently connected with the actual insertion of stock to be embraced by the rule and to justify double compensation for violation by the employer.

The order awarding double compensation should be affirmed, with costs.

LOUGHRAN, Ch. J., LEWIS and DESMOND, JJ., concur with FULD, J.; DYE, J., dissents in opinion in which CONWAY and FROESSEL, JJ., concur.

Ordered accordingly.